UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED FORHAD MIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KIMBERLY CLARK CORPORATION, et al., <br><br> *Defendants*. | Civil Action No. 1:22-cv-02353 (CJN) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Recusal. ECF No. 5 ("Mot."). Plaintiffs argue that the Court must recuse itself under 28 U.S.C. §§ 144 and 455 because their attorney argued in the past, in an unrelated matter, that the Court needed to recuse itself. Mot. at 1–2; *see also* Plaintiffs' Motion to Vacate, *Doe 1 v. Apple Inc.*, No. 21-7135 (D.C. Cir. April 21, 2022).[1] Specifically, Plaintiffs claim that they are concerned that their attorney's advocacy in that other matter will bias the Court against them and their attorney here. *See* Mot. at 2. This argument is meritless, so the Court will deny the Motion.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Court's impartiality cannot reasonably be questioned here. If Plaintiffs were

---

[1] In that unrelated matter, the Court dismissed a complaint that had been filed by Plaintiffs' attorney here. *Doe I v. Apple Inc.*, No. 19-CV-03737 (CJN), 2021 WL 5774224 (D.D.C. Nov. 2, 2021). On appeal, those plaintiffs (through that attorney) moved to vacate this Court's judgment on the ground that the Court should have recused itself. Plaintiffs' Motion to Vacate, *Doe 1 v. Apple Inc.*, No. 21-7135 (D.C. Cir. April 21, 2022). The Court of Appeals denied that motion, Order, *Doe 1 v. Apple Inc.*, No. 21-7135 (D.C. Cir. June 28, 2022), and then affirmed, *Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024). That matter is no longer pending.

correct that asking a judge to recuse himself would cause reasonable people to question the judge's ability to be impartial in the future, then any party could force any judge to recuse from any case at any time simply by filing a frivolous recusal motion. That is obviously not the law, and Plaintiffs' claim of bias based on the arguments made by their attorney in a separate and unrelated matter is even more tenuous. Nor does Plaintiffs' motion fare any better on the ground that (according to them) their attorney has an "*ongoing* conflict" with the Court, Mot. at 2 (emphasis added), based on his intention to relitigate the recusal issue in that other matter if the Court of Appeals had reversed or vacated this Court's judgment and remanded the case for further consideration, *see* ECF No. 5-2 ¶¶ 10–11. As noted above, the Court of Appeals affirmed this Court's judgment in that other matter, which has therefore concluded; even if it had not, Plaintiffs' theory would still not be viable for the reason that the Court has already given.

Under 28 U.S.C. § 144, a judge must recuse himself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Although one of the Plaintiffs in this matter has submitted an affidavit that purports to satisfy § 144's requirements, *see* ECF No. 5-1,[2] such an affidavit must allege facts that "would convince a reasonable person that a bias exists" to be legally "sufficient," *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 591 (D.D.C. 2018). Here, the affiant merely alleges that his attorney argued that this Court should have recused in that other matter, *see* ECF No. 5-1 ¶¶ 5–6, and that is not sufficient for the reason that the Court has already given.

---

[2] The attorney himself has also filed an affidavit, *see* ECF No. 5-2, but § 144's text refers only to an affidavit filed by a "party."

Accordingly, it is hereby

**ORDERED** that the Motion for Recusal, ECF No. 5, is **DENIED**.

DATE: July 8, 2024

CARL J. NICHOLS
United States District Judge